SALTERS v. PRESIDENT OF DELAWARE AND HUDSON CANAL COMPANY.

*Negligence — duty of master to servant — master need not employ the most improved machinery.*

While, in the case of passengers, railroad companies are bound to avail themselves of all new inventions and improvements known to them which will contribute to the safety of their passengers, the utility of which has been tested, and the adoption of which is within their power so as to be reasonably practicable, they are not so bound as to employees.

Accordingly where an employee was injured in consequence of an open switch, the switch being a common one, but not open in consequence of any defect in its construction or for want of proper repair, *held,* that a common switch being as safe as any other if properly cared for (*Piper* v. *N. Y. C. & H. R. R. Co.,* 1 N. Y. Sup. 292), the want of a target switch, which by its signals would have given notice of the danger and avoided the accident, was not negligence on the part of the railroad company.

MOTION for a new trial upon a case and exceptions ordered to be heard in the first instance at general term.

The action was brought by Benjamin Salters, administrator of James V. Salters, against The President, Managers and Company of the Delaware and Hudson Canal Company, to recover for the death of the intestate, caused by an accident upon defendant's railroad.

The intestate was a locomotive fireman in the employ of defendant, and was killed by the locomotive on which he was employed running off the track. The accident was caused by an open switch. The switch in question was what is known as a frame switch, with a frame three feet high, and a bar or lever extending up about six feet. It was claimed on the part of the plaintiff that if what is known as a target switch, which has a signal to indicate whether

the switch is open or not, had been used, the signal would have been seen in time to stop the locomotive and prevent the accident, and that the accident was caused in consequence of the use of a switch of the common kind. Other facts sufficiently appear in the opinion.

*Amasa J. Parker*, for plaintiff, cited *Smith* v. *N. Y. & Harlem R. R. Co.*, 19 N. Y. 127; *Hegeman* v. *Western R. R. Co.*, 13 id. 9; *Keegan* v. *Western R. R. Co.*, 8 id. 175.

*Jacob G. Runkle* and *Henry Smith*, for defendant.

LANDON, J. The switch was not open in consequence of any defect in its construction, or for want of proper repair. It was an adequate and sufficient switch so far as the adjustment of the tracks to each other was concerned, and that seems to be the chief office of a switch. It was a common switch. This court held in *Piper* v. *N. Y. C. & H. R. R. R. Co.*, 1 N. Y. Sup. 292, that a common switch is as safe as any other if properly cared for. The target switch differs from it in having a longer handle, to which signals are attached which indicate how the tracks are adjusted. The plaintiff claims that the defendants were negligent in not having provided a target switch. The defendants' counsel requested the court to charge the jury that the defendants were not liable for not getting such a switch. " By the court : I decline in that form. I leave it to the jury to say whether the company provided suitable signals." The court also charged that if more suitable signals (referring to the target switch) could have been seen, then the defendants were liable.

The question is directly presented whether the defendants were properly found guilty of negligence because they did not provide a target switch. We think they were not. The defendants, as masters, owed to the deceased, as their servant, the duty to place him under no risks from imperfect or inadequate machinery, or other material means or appliances known, or which, but for their negligence, would have been known to them. *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521; *Hofnagle* v. *N. Y. C. & H. R. R. R. Co.*, 50 id. 610. The question here presented is, whether the switch here employed was an adequate machine or appliance, or, to use the language of the court in *Ford* v. *Fitchburgh R. R. Co.*, 110 Mass. 240; S. C., 10 Alb. Law Jour. 343, " a suitable instrumentality." As

before remarked, it was, if properly cared for. Nearly every mechanical appliance needs proper care to make it both safe and suitable. The absence of proper care is not a defect in the machine or appliance but is the negligence of the party whose duty it is to bestow it. Grant that the presence of a target would indicate to one servant that his co-servant was negligent, and thus insure the safety of the former; to require its presence as a matter of right is to require that the master shall, by mechanical appliances, exempt one servant from the negligence of another. We are cited to no case which goes to this length. It does not seem to be in harmony with the rule which subjects one servant to the risk of the exceptional negligence of another. In the case of passengers, railroad companies are bound to avail themselves of all new inventions and improvements known to them, which will contribute materially to the safety of their passengers, whenever the utility of such improvements has been thoroughly tested and demonstrated, and the adoption of which is within their power so as to be reasonably practicable. *Hegeman* v. *Western R. R. Co.*, 13 N. Y. 9; *Smith* v. *New York & Harlem R. R. Co.*, 19 id. 127.

Doubtless the passenger has the right to demand such mechanical appliances as are known by sufficient test and experience to indicate the negligence of a servant, and obviate its consequences. But the passenger has the right to demand exemption from risk on account of the negligence of the servant, and may therefore demand such suitable mechanical appliances as shall suffice to make good his exemption. But the servant undertakes his employment relying upon the fact that the appliances are safe if carefully used; and he knows that their careful use depends upon himself and his fellow-servants, who may be assigned to operate and guard them. In consideration of his wages he takes the risk that his fellows will do their duty, as he agrees to do his. Clearly this fireman came to his death in consequence of the management of the switch, not in consequence of the switch itself. Of that management so far as it was chargeable to his co-employee, he voluntarily incurred the risk. He placed no dependence upon the target, for he knew none was there.

The plaintiff was permitted to give evidence to the effect that after the accident the defendants substituted a target switch for the common one. Within the ruling in *Dangan* v. *Champlain Transp. Co.*, 56 N. Y., this seems to be error. Whether the defendants were

negligent was a question to be decided upon the facts as they existed at the time of the injury. What the defendants did afterward was immaterial, unless their acts could be construed as equivalent to their declaration that they were negligent at the time of the injury. But the question appears to be settled by authority and not open for discussion in this court.

As there must be a new trial for the reasons assigned, it is not necessary to discuss the question whether the management of the switch, under the circumstances, could be considered so far the act of the defendants, as masters, as to relieve the switchman from the charge of negligence.

The verdict must be set aside and a new trial granted.

*New trial granted.*